**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Francisco R.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General*; Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; David Venturella, *Acting Director Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Warden Joel Brott, *Sheriff of Sherburne County Detention Facility*,

Respondents.

File No. 26-CV-4042 (JMB/ECW)

**ORDER**

---

Patrick F. Hellier, Zimmer Law Group, St. Paul, MN, for Petitioner Francisco R.

David W. Fuller and Pedro Del Valle, IV, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, David Venturella, and David Easterwood.

---

This matter is before the Court on Petitioner Francisco R.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names Todd Blanche, Markwayne Mullin, David Venturella, David Easterwood, and Joel

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

Brott as Respondents. (Doc. No. 1.) For the reasons explained below, the Court grants the Petition to the extent Francisco R. seeks a bond hearing.

**FINDINGS OF FACT**

1. Francisco R. is a 40-year-old native and citizen of Mexico (Doc. No. 7-1 at 1) who entered the United States without inspection about twenty years ago (Pet. ¶ 13; Doc. No. 7-3 at 1).

2. Francisco R. has four U.S. citizen children, aged between six and fifteen years old. (Pet. ¶ 15.)

3. Francisco R. works and is the primary breadwinner for his family. (*Id.* ¶ 15.)

4. Until September 8, 2026, Francsico R. had no encounters with immigration officials while in the United States. (Doc. No. 7-1 at 2.)

5. On September 5, 2026, Francisco R. was arrested in or near Faribault, Minnesota, for driving while intoxicated (DWI). *See State v. Francisco R.*, No.66-CR-26-2238, Index # 1 (Minn. Dist. Ct. Sept. 8, 2026). (Doc. No. 7-1 at 2.)

6. On September 8, 2026, Immigration and Customs Enforcement (ICE) agents who were conducting "routine ICE Criminal Apprehension Program (CAP) operations" at the Rice County Jail in Faribault, Minnesota spoke with Francisco R. (Doc. No. 7-1 at 2.)

7. On September 8, 2026, Francisco R. made his first appearance on the DWI charges. *See Francisco R.*, No. 66-CR-26-2238 at Index #8.

8. After conducting a records check and speaking with Francisco R., who admitted he had entered the United States without inspection, ICE issued a detainer for Francisco R. (Doc. No. 7-1 at 2.)

9. On September 8, 2026, an ICE Supervisory Detention and Deportation Officer issued a Form I-862 Notice to Appear (NTA), which charged Francisco R. as removable for having entered the United States without inspection. (Doc. No. 7-3 at 1.)

10. At 1:56 p.m. on September 8, an ICE Supervisory Detention and Deportation Officer issued a Form I-200 administrative warrant for Francisco R.'s detention. (Doc. No. 7-4 at 1.)

11. The Form I-200 in this case was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. No. 7-4.) Thus, Respondents took Francisco R. into custody pursuant to section 1226.

12. At 2:06 p.m. on September 8, a Rice County District Court Judge entered an order for Francisco R.'s conditional release without bond. *Francisco R.*, No.66-CR-26-2238 at Index #8.

13. On September 8, at or around the time of his release from Rice County jail, ICE agents served the Form I-200 and the NTA on Francisco R. and took him into custody. (Doc. No. 7-1 at 2; Doc. No. 7-3; Doc. No. 7-4.)

14. Respondents have not provided Francisco R. with a bond hearing. (Pet. ¶ 1.)

15. Francisco R. remains detained in the Sherburne County Jail. (*Id.* ¶ 7.)

16. On September 18, 2026, Francisco R. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (*See* Pet.)

17. On September 18, 2026, the Court ordered Respondents to file a response to

the Petition on or before 11:00 a.m. on September 22, 2026. (Doc. No. 3.)

18. Blanche, Mullin, Venturella, Easterwood (Respondents) timely filed a response to the Petition. (Doc. No. 6.)

**DISCUSSION**

In his Petition, Francisco R. argues that his detention violates the Due Process Clause of the Fifth Amendment and seeks a bond hearing and, if Respondents deny a bond hearing, release from custody. For their part, the Federal Respondents argue that Francisco R. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), as interpreted by the Eighth Circuit in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), and that Francisco R.'s detention satisfies the constitutional requirements of due process. For the reasons set forth below, the Court grants the Petition and orders that Francisco R. be provided a bond hearing.

**A. Right to Habeas Relief**

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng*

*Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B. Actual Basis for Detention**

It is an undisputed matter of fact that Respondents took Francisco R. into custody pursuant to their authority under 8 U.S.C. § 1226 because the Form I-200 was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. No. 7-4.)

Nevertheless, in response to the Petition, Respondents advance a different basis for the detention of Francisco R.: 8 U.S.C. § 1225(b)(2)(A), as interpreted by *Avila*, 170 F.4th at 1133–35 (concluding that section 1225(b)(2) requires the mandatory detention of non-citizens as "applicants for admission" without any individualized determination and regardless of whether the non-citizen is encountered at the United States border at the time of entry or in the interior months, years, or decades after entry). *But see Rodriguez Vazquez v. Bostock*, __F.4th__, __, No. 25-6842, 2026 WL 2196424, at *9, 16 (9th Cir. July 30, 2026) (rejecting Respondents' "newfound interpretation" as inconsistent with "the assertedly unambiguous language of the statute" and because "it raises various textual and interpretive problem," citing similar holdings from the Second, Sixth, Tenth, and Eleventh Circuits). The Court concludes, as others have, that Respondents cannot now change the basis for their detention of Francisco R. Respondents took Francisco R. into custody under section 1226 alone, and Respondents advance no legal argument to support the proposition

that they can alter this fact through the filing of their written responsive submissions. Thus, just as it is stated in the Form I-200 on which Francisco R.'s detention is based, the Court concludes that Respondents have detained Francisco R. under the framework of 8 U.S.C. § 1226.[2] *See, e.g.*, *Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026 WL 1329577, at *2 (D. Minn. May 13, 2026) (rejecting respondents' contention that petitioner was subject to mandatory detention under section 1225(b) where the Form I-200 stated that detention was pursuant to section 1226); *Hector J.A.S. v. Shea*, No. 26-CV-2242 (JRT/DLM), 2026 WL 1243500, *2 (D. Minn. May 6, 2026) (same); *see also Espinoza-Avalos*, No. 8:26-CV-0191, 2026 WL 1396593, at *1–3 (D. Neb. May 19, 2026).

Pursuant to the detention framework set forth in section 1226 and corresponding regulations, "[non-citizens] detained under § 1226(a) receive bond hearings at the outset of detention."[3] *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R.

---

[2] The Court notes that Francisco R. has not raised any issue regarding the validity of the Form I-200, including whether its issuance comported with the requirements of 8 C.F.R. § 236.1. (*See generally* Pet.) Nothing in this Order prohibits Francisco R. from filling a new petition based on grounds not raised in the instant Petition.

[3] Even if Respondents had not invoked the section 1226 discretionary detention framework, the Court alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in Francisco R.'s favor. Francisco R. has a significant private interest at stake (i.e., his liberty, his detention in a carceral setting, and his separation from his wife and children, who depend on his ability to earn a living to support the family); the risk of erroneous deprivation through incarceration is needlessly high when inexpensive procedures such as a bond hearing protect against erroneous deprivations of liberty and separation of families; and the federal government has very little interest in incarcerating individuals en masse who pose little or no risk of flight or danger to the community. Thus, Francisco R.'s ongoing detention is also unlawful for this reason as well. *See, e.g.*, *R.M. v. Blanche*, No. 26-CV-2283 (LMP/DLM), 2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that respondents' mandatory detention without bond under 8 U.S.C. § 1225(b)(2) and *Avila* violated petitioner's rights to procedural due process and ordering a

§§ 236.1(d)(1), 1236.1(d)(1)); *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957 (D. Minn. 2025) (rejecting Respondents' assertion that Petitioner was subject to mandatory detention under section 1225(b)(2) where Respondents detained him pursuant to Form I-200 administrative warrant that invoked section 1226, and ordering bond hearing pursuant to section 1226). As a result, to ensure compliance with section 1226, the Court grants the Petition insofar as it requests an individualized bond hearing.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to provide Petitioner Francisco R. with an individualized bond hearing, consistent with 8 C.F.R. § 1003.19, at which Francisco R. may meaningfully be heard and present evidence on the factors bearing on the regulatory goals of civil detention (i.e., ensuring future appearances in immigration proceedings and preventing any danger to the community while proceedings are ongoing), to be completed by no later than 4:00 p.m. on October 1, 2026.

2. If Respondents do not provide Francisco R. with a bond hearing as set forth above, then they must immediately release Francisco R. from detention, in any event no later than 4:00 p.m. CT on October 2, 2026, without conditions.

3. On or before 11:00 a.m. CT on October 5, 2026, counsel for Respondents shall file a letter affirming that they have provided a bond hearing and the results of that bond hearing, or that they have released Francisco R.

4. On or before 11:00 a.m. CT on October 5, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained,

---

bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).

state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

5. Petitioner Francisco R. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

6. To the extent Petitioner Francisco R. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 25, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court